UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JULIA ANN JOHNSON,

        Plaintiff,

v.                                      Civil Action No: 3:10CV890

ERIC A. HORWITZ, P.C.,

SERVE:    Eric Andrew Horwitz
             Registered Agent
             1919 Huguenot Road, Suite 201
             Richmond, Virginia 23235

        Defendant.

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337. Venue in this District is proper in that the defendant transacted business in this state and the plaintiff chooses to bring this action here.

## III. PARTIES

3. Plaintiff, Julia Ann Johnson, is a natural person residing in Glen Allen, Virginia.

4. Defendant, Eric A. Horwitz, P.C., is a professional corporation engaged in the business of collecting debts in this state with its principal place of business located in Richmond, Virginia. One of the principal purposes of Eric A. Horwitz, P.C. is the collection of debts using the mails and telephone and it regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Plaintiff has lived in Laurel Lakes Town homes since August 1997. In 2009 she received a statement from Laurel Lakes Townhouse Association stating she owed approximately $8,257.59 for aluminum siding for her town house. At that time the Plaintiff could not afford to pay the debt.

7. In January 2010, Plaintiff's Wachovia debit card was declined. Plaintiff called Wachovia Bank and discovered that there was a garnishment placed on her account on January 14, 2010 for $8,918.02 obtained by Defendant. Plaintiff's Social Security checks are directly deposited into this Wachovia account. Her balance at the time of the hold was $1,112.16. Of the total balance garnished from the account, $314.42 was Plaintiff's Social Security. This money is exempt from garnishment under Federal law and Virginia state law. Her entire account was depleted and she had no money to pay bills, including her mortgage. Plaintiff was also charged $100.00 fee for the garnishment

by Wachovia. Plaintiff went to Wachovia and obtained a printout of her account transaction history. A copy is attached as **EXHIBIT A**.

8. Wachovia sent Plaintiff a letter dated January 19, 2010 stating that they had been served with a garnishment order and outlined the specifics stated above. A copy of this letter is attached as **EXHIBIT B**.

9. The debt was related to home-owner association fees with Laurel Lakes Townhouse Association. Plaintiff had not received a Summons or Notice of Garnishment related to this debt.

10. On January 21, 2010, Plaintiff called Defendant and made an agreement to bring him some money so that the garnishment would be released from her Wachovia account. In this first communication, nor within five (5) days thereafter, did Defendant provide any of the notices required by FDCPA §1692(e)(11). Plaintiff had already paid him $1,012.67 and she agreed to pay him $2,000 more but he stated that "was not enough money." In good faith, Plaintiff brought Defendant a check for $1,300.00 to the Defendant's office and asked the secretary of the Defendant how to get the garnishment released. The secretary went into Defendant's office and within the hearing of Plaintiff, Defendant's response to his secretary's request about how to remove the garnishment was "Get the hell out of my office." During this meeting, Plaintiff brought Defendant a letter stating she had agreed to pay $400 each month beginning on February 1, 2010. A copy of the letter and the receipt from Defendant for the $1,300 payment are attached as **EXHIBIT C**.

11. On January 21, 2010, Plaintiff went to Henrico General District Court to get a hearing to remove the garnishment. Plaintiff filed the Request for Hearing with the Court. A copy of the Request for Hearing is attached as **EXHIBIT D**. A hearing was set for the next day, January 22, 2010 at 10:00 a.m. At the hearing, at which Defendant was present, the judge released the garnishment due to the fact that Defendant had garnished Plaintiff's Social Security income. A copy of the Garnishment Disposition dated January 22, 2010 is attached as **EXHIBIT E**. On February 1, 2010, Wachovia released the garnishment sending a facsimile to its Legal Order Processing department. A copy of Wachovia's facsimile releasing the garnishment is attached as **EXHIBIT F**. During this hearing, Defendant was put on notice that this account held Plaintiff's Social Security income.

12. During the first week in February 2010, Plaintiff received a Garnishment summons posted on her door for a hearing in Henrico Count General District Court on February 26, 2010 at 8:30 a.m. A copy of the summons is attached as **EXHIBIT G**. This summons was for the garnishment that had been released on January 22, 2010.

13. Some time during the first week of May 2010, Plaintiff received a letter from Defendant dated April 29, 2010 with a breakdown of the outstanding debt Plaintiff allegedly owed. The total balance is listed as $5,804.79. A copy of the letter is attached as **EXHIBIT H**.

14. Some time in May 2010, Plaintiff received another Garnishment Summons posted on her door. A hearing for this garnishment was scheduled for June 18, 2010 in Henrico General District Court. Defendant had issued another garnishment for the same

Wachovia account that still held her Social Security money. A copy of the Garnishment Summons is attached as **EXHIBIT I**. Wachovia charged Plaintiff a $100 bank fee due to the Garnishment Summons it received.

15. Plaintiff went to Henrico General District Court again and filed a Request for Hearing to release the garnishment because Defendant had garnished the same Wachovia account that still contained her Social Security. A copy of her Request for Hearing is attached as **EXHIBIT J**. The hearing was scheduled for May 17, 2010.

16. At the hearing for the release of the garnishment on May 17, 2010, Plaintiff appeared in Henrico County General District Court, where the Plaintiff and Defendant were present. At this hearing, the judge released the garnishment. A copy of the garnishment disposition is attached as **EXHIBIT K**. During the hearing, Defendant took Plaintiff out of the courtroom and asked Plaintiff where she kept her money other than Wachovia. Plaintiff told Defendant she had a savings account at the Henrico Federal Credit Union, which was garnished.

17. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a) Failing to validate the debt at the time of initial contact on January 21, 2010 and/or in writing within five days thereafter §1692g(a);

b) The repeated garnishment of federally exempt Social Security funds that the Defendant knew or should have known were in her Wachovia bank account. §1692(f)(1);

c) Failing to disclose in the initial communication that the communication is an attempt to collect a debt §1692(e)(11);

d) Failing to disclose in the initial communication the alleged debtor has thirty days to dispute the debt §1692(g);

18. As a result of the acts alleged above, plaintiff suffered actual damages including Wachovia bank fees, emotional distress, embarrassment, and inconvenience.

### V. FIRST CLAIM FOR RELIEF

19. Plaintiff repeats, realleges, and incorporates by reference the preceding paragraphs

20. Defendant violated the FDCPA as noted above.

21. As a result of the above violations of the FDCPA, the defendant is liable to the plaintiff for plaintiff's actual damages, statutory damages, costs, and attorney fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the defendant for the following:

A. Actual damages.

B. Statutory damages pursuant to 15 U.S.C. §1692k.

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k.

D. For such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

                              **Respectfully submitted,**

                              **JULIA ANN JOHNSON**

                              _____
                              Counsel for Plaintiff

John Cole Gayle, Jr.
VSB No. 018833
The Consumer Law Group, P.C.
5905 West Broad Street, Suite 303
Richmond, Virginia 23230
(804) 282-7900
(804) 673-0316 fax
jgayle@theconsumerlawgroup.com

      Counsel for Plaintiff